UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

---

RASHEED RAINES, individually, and on behalf of all others similarly situated, *et al.*,

                Plaintiffs,

v.

ZERODRAFT MARYLAND, LLC,

Serve:
Resagent, Inc., Registered Agent
3190 Fairview Park Drive
Suite 800
Falls Church, VA 22042

                Defendant.

**Civil Action No.** 7:23cv00477

**JURY TRIAL DEMANDED**

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

---

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Rasheed Raines ("Plaintiff" or "Raines"), individually, and on behalf of all others similarly situated, respectfully moves for judgment against Defendant Zerodraft Maryland, LLC ("Zerodraft" or "Defendant").

Plaintiff seeks to recover compensation, damages, double and/or triple damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b) and Va. Code § 40.1-29.2 (the Virginia Overtime Wage Act, or VOWA).

Plaintiff further seeks to recover actual and liquidated damages for Defendant's willful and bad faith retaliation pursuant to Section 215(a)(3) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 215(a)(3).

Plaintiff's non-retaliation claims are asserted as collective actions under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and Va. Code 40.1-29(J). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## **Introduction**

1. This is a collective action to recover overtime wages, liquidated damages, and other applicable damages brought pursuant to federal and state wage laws. The collective action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Virginia Overtime Wage Act ("VOWA"), Va. Code § 40.1-29.2,[1] to recover unpaid overtime wages, liquidated damages, and other applicable damages.

2. This Complaint seeks relief for claims for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") arising out of work that Plaintiff, and others similarly situated, performed for the benefit and at the direction of Zerodraft.

3. This Complaint seeks relief for actual and liquidated damages for willful and bad faith retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3).

4. This Complaint seeks additional relief pursuant to Va. Code § 40.1-29.2 to recover overtime wages. This claim is brought as a collective action claim pursuant to Va. Code § 40.1-29(J).

---

[1] All references to Va. Code § 40.1-29.2 or VOWA refer to the iteration effect during the relevant time period. A copy of the applicable version of the law is attached hereto as Exhibit A.

5. Plaintiff brings the non-retaliation portion(s) of this action as a collective action on behalf of himself and others similarly situated. Plaintiff asks that if this case is not certified as a collective action that he be permitted to proceed individually with these claims.

## Jurisdiction and Venue

6. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that Plaintiff may bring this action in any appropriate United States District Court. This Court also possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the acts and/or omissions giving rise to Plaintiff's state law claims arose from the same basis of operative fact and same controversies under the law. Pursuant to 28 U.S.C. § 1367(a), these claims are so related to claims involving original jurisdiction that they form part of the same case or controversy.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) because a substantial part of the events and omissions giving rise to this lawsuit have taken place in the Roanoke Division of Western District of Virginia.

8. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

9. Raines is a resident of Roanoke, Virginia and performed labor within the last three years for the benefit of, at the direction of, and under the supervision of, Zerodraft. Raines was an "employee" of Zerodraft as defined by the FLSA and Virginia law from approximately September 2016 until April 11, 2023.

10. Zerodraft is a Maryland corporation, registered with the Virginia State Corporation and doing business in Virginia and elsewhere. According to its website, Zerodraft has performed over 50,000 energy checkups and audits of homes, apartments, businesses and nonprofits

throughout Maryland, DC, Virginia, and southern Pennsylvania. Zerodraft meets the definition of "employer" with respect to the FLSA and all relevant Virginia statutes.

11. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

12. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

13. Defendant has made more than $500,000 in sales made or business done in the calendar year.

## Factual Allegations

14. Raines was employed by Zerodraft as a Home Energy Auditor.

15. As a Home Energy Auditor, Raines was responsible for going into homes and installing energy saving products, such as light bulbs, switches on AC units, and shower heads. Plaintiff also performed other services to help save energy, such as caulking, duct sealing, and installing foam insulation.

16. Plaintiff typically would spend 3-4 hours in each home performing these services.

17. Plaintiff performed this work for homeowners in Virginia and Maryland.

18. The audit, installation, and products are provided free of charge to the homeowners.

19. AEP, Dominion Energy, BGE, Potamic Edison, and other power companies have utility programs wherein their customers can sign up, once, to have the home energy audit and installation of free products based on the audit.

20. The power companies have a list of contractors authorized to perform the work.

21. Zerodraft is an approved contractor to perform the work.

22. Honeywell International, Inc. ("Honeywell") is an entity that acts as a go-between between Dominion Energy and Zerodraft.

23. TRC Companies, Inc. ("TRC") is an entity that acts as a go-between between APCO and Zerodraft.

24. At the times relevant hereto, Jeff Lineberry, Trainer at TRC, sent jobs to Stephanie Correlli, Supervisor of Field Technicians at Zerodraft. Then, Ms. Correlli would divide the jobs between Mr. Raines and other Zerodraft installers.

25. Ms. Correlli was Plaintiff's supervisor.

26. Raines would receive the products to install by either notifying Zerodraft of the items he needed, and Zerodraft would ship the products to his home in Roanoke, Virginia, or Raines would travel to Zerodraft's warehouse in Maryland to pick up the products. Raines was provided the products by Zerodraft for free.

27. Zerodraft obtains the products to be installed by Raines and others similarly situated, upon information and belief, from AM Conservation Group.

28. Zerodraft is paid for the installations that Mr. Raines and other Zerodraft installers performed by receiving, upon information and belief, a payment from Honeywell and/or TRC for all products installed or services provided.

29. Zerodraft compensated Plaintiff at the flat rate of 30% of each payment associated with his installations. Plaintiff also received occasional bonuses for performing his work quickly. Plaintiff received no overtime premium.

30. Plaintiff, on average, has made approximately $46,000 to $49,000 per year.

31. Plaintiff was, for the first time, offered health insurance in September 2022.

32. Plaintiff was provided Zerodraft vehicle magnets, a Zerodraft handbook, Zerodraft clothing, including jackets, sweaters, and a vest, a Zerodraft badge, and Zerodraft flyers reflecting Zerodraft's name and Mr. Raines' picture.

33. While Plaintiff was working for Zerodraft, Zerodraft did not permit Plaintiff to work for another company.

34. In addition, while working for Zerodraft, Plaintiff had a schedule, and was encouraged not to take days off work due to customer volume and business needs. When Plaintiff would request time off, Mr. Raines' supervision would make statements such as, "but we need to take care of these customers" and "but these customers have been waiting for weeks," or words to that effect. In fact, when the work began to pile up towards the end of Plaintiff's employment, Plaintiff had to work through the weekends to get caught up on his workload.

35. Plaintiff averaged 65-70 hours per week.

36. After Mr. Raines and other installers completed an installation, Zerodraft performed quality assurance checks on Mr. Raines' and other installers' work.

37. On or about April 11, 2023, Mr. Raines was informed by Zerodraft that he could only continue to work for Zerodraft if he "go[es] 1099."

38. Mr. Raines was informed by Zerodraft that the work he would perform in his job would remain the same.

39. When Mr. Raines refused to be improperly classified as an independent contractor, Zerodraft informed him that he was suspended from work if and until he agreed to be classified as an independent contractor.

40. Zerodraft asked Mr. Raines what the issue was with being classified as an independent contractor because he would save taxes.

41. Zerodraft then sent someone to Mr. Raines' home in Roanoke, Virginia to collect his Zerodraft equipment.

42. The last day Mr. Raines performed work for Zerodraft was on or about April 11, 2023.

43. During Raines' suspension, he has not been paid by Zerodraft.

44. Upon information and belief, at the time of Mr. Raines' suspension, which was in effect a termination from employment, some installers were classified as 1099 and some installers were classified as W-2. However, the terms and conditions of the installer position and the work to be performed remained identical. In addition, upon information and belief, the number of installers classified as independent contractors has grown.

45. Upon information and belief, over the span of the last three years, Zerodraft has employed approximately 15-35 installers performing the same or similar work as Plaintiff.

46. Plaintiff and those similarly situated were all paid pursuant to the same pay practices.

47. Plaintiff and those similarly situated were all paid a percentage of the payment(s) received by Zerodraft for their work. They did not receive any overtime premium.

48. Raines was paid 30% of the payment(s) received by Zerodraft for the products Raines installed. He did not receive any overtime premium.

49. Plaintiff, and those similarly situated, often worked over forty (40) hours a week.

50. For at least the three years preceding the filing of this Complaint, Zerodraft has had a policy and practice of not paying overtime compensation to installers when they work over forty (40) hours in a week.

51. Zerodraft was the employer with respect to Plaintiff and those similarly situated.

52. Plaintiff and those similarly situated were non-exempt hourly employees of Defendant. They were not employed in any bona fide executive, administrative, professional, or outside sales capacity.

53. Defendant willfully and/or knowingly violated the FLSA and/or Virginia law by intentionally failing to pay overtime wages despite requiring employees to work such hours.

54. Defendant willfully and/or knowingly violated the FLSA and/or Virginia law by misclassifying certain installers as 1099.

55. At all relevant times, Defendant intended to deprive Plaintiff and similarly situated individuals of overtime pay to which they were entitled or acted with reckless disregard for the rights of Plaintiff and those similarly situated.

56. Defendant suspended Plaintiff's employment, and has refused to permit Plaintiff to work, since April 11, 2023, in retaliation for Plaintiff refusing to be improperly classified as an independent contractor.

## Collective Action Allegations

57. Plaintiff brings his FLSA and Va. Code § 40.1-29.2 claims as collective action claims and his consent to join these collectives representative Plaintiff is attached as **Exhibit B**.

58. The FSLA collective is defined as follows:

All installers of Zerodraft who installed energy saving products, provided energy saving services, and/or performed home audits on behalf of Zerodraft within Virginia or Maryland within the three years preceding the filing of this complaint and who file a consent form to participate in this lawsuit ("FLSA Collective Action Members").

59. The VOWA collective is defined as follows:

All installers of Zerodraft who installed energy saving products, provided energy saving services, and/or performed home audits on behalf of Zerodraft within Virginia, from July 1, 2021 – June 30, 2022, who file a consent form to participate in this lawsuit ("Virginia Collective Action Members").

60. The above are similarly situated because they were paid in the same manner, performed the same primary job duties, and were subject to identical employment policies and practices and terms and conditions of employment.

61. Plaintiff, and those similarly situated, performed the same primary job duties, and were not paid overtime in accordance with the FLSA and/or VOWA.

62. Numerous other individuals who performed the same primary job duties as Plaintiff in the last three years worked over 40 hours in individual workweeks and were paid no overtime.

63. Defendant has names, addresses, phone numbers, and email addresses for potential FLSA Collective Action Members and Virginia Collective Action Members in their payroll or personnel records.

64. Defendant is aware or should have been aware that the FLSA and/or VOWA required it to pay potential FLSA Collective Action Members and Virginia Collective Action Members overtime if they are employees.

65. Defendant had actual and constructive knowledge that the FLSA Collective Action Members and Virginia Collective Action Members spent more than 40 hours per week working for it.

66. Defendant further retaliated against Plaintiff for refusing to be improperly classified as an independent contractor.

## COUNT I
### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime Compensation
### (FLSA Collective Action)

67. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

68. This count arises from Defendant's violation of the FLSA by failing to pay overtime to Plaintiff and the FLSA Collective Action Members when they worked over 40 hours in individual workweeks.

69. The FLSA Collective Action Members were not exempt from the overtime provisions of the FLSA.

70. Plaintiff and others similarly situated were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

71. Defendant paid Plaintiff and others similarly situated no overtime compensation and instead paid them a set percentage per payment.

72. Defendant violated the FLSA by failing to pay overtime to Plaintiff and others similarly situated at one-and-one-half times their regular rate of pay when they worked over 40 hours in one or more individual workweeks.

73. Defendant's failure to pay Plaintiff and other similarly situated persons one-and-one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

74. Plaintiff and all others similarly situated are entitled to back pay for all overtime hours worked during their employment with Defendant in an amount equal to one and one-half times their regular rate(s) of pay.

75. As a result of Defendant's willful and reckless actions, Plaintiff and all others similarly situated are entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).

76. Plaintiff and all others similarly situated are entitled to recover attorney's fees pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Violation of Va. Code § 40.1-29.2
### (VOWA Collective Action)

77. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

78. Defendant has knowingly violated Va. Code § 40.1-29.2, by failing to pay overtime to Plaintiff and the Virginia Collective Action Members when they worked over 40 hours in individual workweeks.

79. Plaintiff and all others similarly situated were not exempt from the overtime provisions of Va. Code § 40.1-29.2.

80. Plaintiff and others similarly situated were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

81. Defendant paid Plaintiff and others similarly situated no overtime compensation.

82. Defendant violated Va. Code § 40.1-29.2 by failing to pay overtime to Plaintiff and others similarly situated at one-and-one-half times their regular rate of pay when they worked over 40 hours in one or more individual workweeks.

83. Defendant's failure to pay Plaintiff and other similarly situated persons one-and-one-half times their regular rate for all time worked over forty (40) hours in a workweek was willful or knowing.

84. Pursuant to Va. Code §§ 40.1-29(J) and 40.1-29.2, Plaintiff and all others similarly situated are entitled to recover payment of their unpaid overtime wages, an equal amount of liquidated damages, prejudgment interest, and attorneys' fees and costs. Further, Defendant's violation was a "knowing" one thus entitling Plaintiff and others similarly situated to recovery of triple damages.

85. Plaintiff brings this action for all violations alleged herein commencing July 1, 2021 through June of 2022.

## COUNT III
### Violation of the Fair Labor Standards Act
### Retaliation

86. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

87. This count arises from Defendant's violation of the FLSA by retaliating against Plaintiff Raines by suspending Plaintiff's employment, refusing to permit Plaintiff to work, and not compensating Plaintiff, since April 11, 2023, in retaliation for Plaintiff refusing to be improperly classified as an independent contractor.

88. Defendant's retaliatory conduct violates 29 U.S.C. § 215(a)(3).

89. Pursuant to 29 U.S.C. § 216(b), Defendant shall be liable to Plaintiff Raines for such legal or equitable relief as may be appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3), including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

90. As a result of Defendant's willful and reckless actions, Plaintiff Raines is entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).

91. Plaintiff Raines is entitled to recover attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, on behalf of himself and the FLSA and Virginia Collective Action Members, requests the following relief against Defendant:

A. That the Court conditionally certify this action as a Collective Action under the FLSA and VOWA and order that Court approved notice be issued to putative FLSA and Virginia Collective Members;

B. All unpaid overtime due to Plaintiff and the FLSA and Virginia Collective Action Members;

C. Liquidated damages equal to the unpaid overtime compensation due to Plaintiff and the FLSA and Virginia Collective Action Members;

D. For such legal or equitable relief as may be appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3), including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages;

E. All unpaid overtime damages due to Plaintiff and members of the VOWA claim;

F. Liquidated damages equal to the unpaid overtime compensation due under Va. Code § 40.1-29.2;

G. Treble damages under Va. Code § 40.1-29(J) for all claims where such relief is available;

H. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit pursuant to the FLSA and/or Virginia law;

I. Interest, and

J. Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

Respectfully Submitted,

RASHEED RAINES, individually
and on behalf of all others
similarly situated,

By:_____/s/_____
Brittany M. Haddox (VSB No. 86416)
Thomas E. Strelka (VSB No. 75488)
STRELKA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, VA 24018
Tel: (540) 283-0802
brittany@strelkalaw.com
thomas@strelkalaw.com

Zev H. Antell (VSB No. 74634)
Craig J. Curwood (VSB No. 43975)
BUTLER CURWOOD, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Tel: (804) 648-4848
zev@butlercurwood.com
craig@butlercurwood.com

*Counsel for Plaintiffs*